UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

D.M.P., a minor child by and through his legal
guardian, ANNIE POMPA MOREJON;
C.V.P. a minor child by and through his legal
guardian, RUBY PEREZ CHINO; C.R.C., a
minor child by and through his legal guardian,
AMERICA CARDONA; J.P., a minor child
by and through his legal guardian, JESENIA
PLASCENCIA; D.P. a minor child by and
through his legal guardian, MARGARET
PETNEAUD,

                        Plaintiffs,

        v.

BEECH-NUT NUTRITION COMPANY,
INC.; GERBER PRODUCTS COMPANY;
PLUM PBC, d.b.a. PLUM ORGANICS;
SPROUT FOODS, INC.; and WALMART,
INC.,

                        Defendants.

Case No. 2:23-cv-00344-CDS-EJY

**ORDER**

Pending before the Court is Defendants' Joint Motion to Sever (ECF No. 41). The Court

reviewed the Motion, Plaintiffs' Opposition (ECF No. 52), and Defendants' Reply (ECF No. 59).

Also pending is Plaintiffs' Motion to Amend (ECF No. 53), which the Court considered along with

Defendants' Opposition  (ECF No. 58), and Plaintiffs' Reply (ECF No. 60).

**I.      Discussion.**

        A.      Defendants' Motion to Sever.

        This case arises from a group of unrelated plaintiffs who filed a Complaint alleging they

consumed various baby food products containing dangerous levels of toxic heavy metals knowingly

sold by Defendants causing these plaintiffs to develop lifelong brain damage and other

neurodevelopmental disorders. ECF No. 1 at 1-2. Defendants contend Plaintiffs' complaints should

be severed into separate actions because Plaintiffs' claims do not arise from the same transaction or

occurrence and do not present significant common questions of fact and law. ECF No. 41 at 8-14.

Defendants argue failure to sever will be prejudicial and cause inefficiencies while severance will not be prejudicial to Plaintiffs. *Id.* at 14-15. Nonetheless, Defendants agree Plaintiffs' actions should remain consolidated for purposes of common-issue discovery and dispositive motions practice. *Id.* at 15.

Plaintiffs submit their claims arise from the same series of transactions or occurrences because Defendants voluntarily interconnected their business transactions, jointly formed the Baby Food Council to address toxic heavy metals in baby food, and voluntarily participated in a United States House of Representatives investigation into dangerous levels of toxic heavy metals in baby food. ECF No. 52 at 5-7, 10-15. Plaintiffs argue they raise common questions of law and fact (*id.* at 15-18) and point to a similar case in which Defendants acted jointly. *Id.* at 7. Plaintiffs contend severing their claims will prejudice them by increasing costs and causing delays, while also resulting in judicial inefficiency. *Id.* at 19-24. Plaintiffs request additional time to conduct discovery to obtain more evidence demonstrating Defendants' connections with one another. *Id.* at 24-25. Finally, Plaintiffs argue the cases should be consolidated to promote judicial economy. *Id.* at 25.

Defendants respond arguing Plaintiffs' opposition to severance relies on allegations not contained in the Complaint. ECF No. 59 at 2-3. Defendants argue each Plaintiffs' ingestion of different baby food products is not part of the same series of transactions and occurrences. *Id.* at 3-5. Defendants contend Plaintiffs do not identify common questions of law or fact and, without severance, they will be prejudiced by having to participate in irrelevant discovery that will increase costs. *Id.* at 6-9. Yet, Defendants again agree "the severed actions should be consolidated for purposes of discovery to the extent possible." *Id.* at 8.

1.    *The law applicable to severance.*

Unrelated plaintiffs may be joined in one action under Federal Rule of Civil Procedure 20(a)(1) if they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any questions of law or fact common to all plaintiffs will arise in the action." Similarly, unrelated defendants may be joined in one action under Federal Rule of Civil Procedure 20(a)(2) if the "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out

of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Rule 20(a)(3) also states: "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded." A "court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." *Id*. Both prongs of Rule 20(a)(1) and (2) must be satisfied for joinder to be proper. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Rule 20 is liberally construed "in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917 (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974)).

### 2. The Motion to Sever is denied without prejudice.

There is no doubt that the parties agree certain common-issue discovery and dispositive motion practice should be consolidated. ECF Nos. 41 at 15 ("the parties can and should coordinate on appropriate common-issue discovery and common-issues dispositive motions to avoid duplicative efforts"); 52 at 26 ("[i]f severance is granted, Plaintiffs urge the Court to exercise its discretion and consolidate these cases"); 59 at 8 ("the parties agree that the severed actions should be consolidated for purposes of discovery to the extent possible. … Likewise, motions could be heard by the same judicial officer"). Further, all Plaintiffs sue Gerber Products Company ("Gerber"); four of the five Plaintiffs sue Walmart, Inc. ("Walmart"); three Plaintiffs sue Beech-Nut Nutrition Company, Inc. ("Beech-Nut"); two Plaintiffs sue Sprout Foods, Inc. ("Sprout"); and one Plaintiff sues Plum Organics ("Plum"). ECF No. 1 at 22-27. Plaintiffs and Defendants agree that joint interrogatories, document requests, requests for admissions, fact depositions, corporate representative depositions, and expert discovery would benefit from the consolidation of discovery to the extent claims overlap. So may inquiries related to the Baby Food Council and the congressional investigation. However, the exact nature and breadth of discovery is to be determined by the parties and, as needed, by the Court. In contrast, to the extent there are non-overlapping issues regarding particular Defendants, specific discovery related to those Defendants should not be consolidated.

Given agreement regarding appropriately joint discovery the parties must meet and confer to develop a proposed detailed discovery plan and scheduling order addressing discovery they agree is properly consolidated, discovery the parties agree must occur without the involvement of all Plaintiffs and Defendants, and the discovery on which agreement cannot be reached. The parties must also address joint dispositive motion practice to the extent feasible. After receiving the parties' positions, the Court will hold a hearing to discuss and set a discovery plan and scheduling order.

Because discovery will be consolidated to the extent possible, the Court declines to enter an order severing the cases at this time. For the same reason, the Court does not analyze the Federal Rule of Civil Procedure 20(a)(1) and (2) factors in this Order. The issue of severance may be revisited as it relates to trial or, as needed, to address dispositive motion practice.

B.    Plaintiffs' Motion to Amend.[1]

Plaintiffs' Motion to Amend, their first, seeks to add two new Plaintiffs and two new Defendants supported by allegations regarding all Defendants' interconnected activities.[2] ECF No. 53 at 3. Plaintiffs argue amendment promotes efficiency and maximizes resources. *Id.* at 7. Plaintiffs contend the case is in its earliest stages, they did not unduly delay in seeking amendment, and Defendants are not prejudiced by amendment. *Id.* at 7-9. Plaintiffs also argue amendment would not be futile because the claims asserted by the new proposed Plaintiffs are the same as those asserted by the original Plaintiffs. *Id.* at 9. Plaintiffs argue permissive joinder is appropriate as the proposed Plaintiffs' claims arise from the same series of transactions and occurrences engaged in by Defendants and the new Plaintiffs raise questions of law and fact common to all existing Plaintiffs and Defendants. *Id.* at 10-17.

Defendants argue the Plaintiffs' claims should not be joined; thus, joining additional Plaintiffs is futile and prejudicial. ECF No. 58 at 4-6. Defendants reiterate their argument that the claims do not arise from the same transaction or occurrence and that adding more parties will only

---

[1]    The Court applies the five factor test applicable to a motion for leave to amend. This test requires the Court to consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Defendants' argument against adding new allegations only addresses the futility factor. ECF No. 58 at 7-8

[2]    Plaintiffs also seek to correct the proper name of Plaintiff D.P. to D.P.U. ECF No. 53 at 3. Defendants do not oppose this correction, but submit this can be done by simply updating the case caption. ECF No. 58 at 1, n. 1.

increase costs, create confusion, and result in prejudice. *Id.* at 6-7. Defendants argue the new allegations regarding "interconnected activities" are implausible and irrelevant. *Id.* at 7-8. Defendants also argue the new allegations apply only to the issue of joinder, not the parties' claims. *Id.* at 8.

In reply, Plaintiffs submit Defendants' arguments are conclusory and unsupported by case law. ECF No. 60 at 4-5. Plaintiffs return to the argument of consolidated discovery reiterating the conclusion that their claims arise from the same series of occurrences and transactions and present numerous common questions of law and fact. *Id.* at 6-10. Plaintiffs once again argue maintaining this matter as one case is efficient because the new allegations are interconnected with the existing claims. *Id.* at 10-14.

There is no dispute that Plaintiffs diligently sought to amend their Complaint. With respect to adding Plaintiffs, Defendants repeat their arguments and contend adding a new defendant, sued by only one new plaintiff, fails to meet the test for consolidating Plaintiffs' claims. ECF No. 58 at 4-6. However, there is no genuine dispute that the new proposed plaintiffs assert the same claims as the original Plaintiffs. *Compare* ECF No. 53-1 at 34-44 *and* ECF No. 1 at 34-47. As discussed above, severing the existing claims is denied to the extent the Court requires the parties to conduct appropriate joint discovery and engage in appropriate joint motion practice. This reasoning applies equally here.[3]

Defendants seek to prevent Plaintiffs' amendment arguing implausibility; however, "even in the face of factual allegations that appear unlikely, 'so long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds.'" *Dollar Tree Stores Inc. v. Toyama Partners, LLC,* Case No. C 10-00325 SI, 2010 WL 1688583, at *2 (N.D. Cal. Apr. 26, 2010) (quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

---

[3]   Plaintiffs should note that they fail to include the two new Defendants in their definition of "Defendants" and "Defendant Baby Food Manufacturers." ECF No. 53-1 at 2. It is clear from the content of Plaintiff's Motion and proposed amended Complaint that this was an error. Plaintiffs are granted leave to correct this error. *Olympic Food Prod., Inc. v. P&J Brands, Inc.*, Case No. CV-06-902-PHX-JAT, 2007 WL 174093, at *1 (D. Ariz. Jan. 18, 2007).

improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks omitted).  Plaintiffs seek to add factual allegations that Defendants relied on shared third-party individual ingredient suppliers, third-party brokers, third-party co-manufacturers, and third-party testing labs; conspired to establish a baseline for product specifications for toxic heavy metals; formed and/or joined the Baby Food Council to address the issue of heavy metal exposure; and Gerber and Nurture shared testing results with Beech-Nut in 2016.  ECF No. 53-1 at 19-21.  Even if "unlikely" or "improbable," it is plausible that industry competitors would engage in these types of interconnected activities.  Thus, the Court finds that adding allegations of Defendants' interconnected activities are not futile based on implausibility.

Defendants also argue the new allegations are irrelevant and immaterial to Plaintiffs' claims, and therefore are subject to a motion to strike.  ECF No. 58 at 7-8.  A "[m]atter is immaterial [for the purposes of a Rule 12(f) motion to strike] if it has no bearing on the controversy before the court." *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1201 (D. Nev. 2009) (internal quotations omitted).  Moreover, if the "proposed amendment adds allegations elaborating the existing theories in the Complaint, amendment would not be futile." *United States ex rel. Miller v. ManPow, LLC*, Case No. 2:21-CV-05418-VAP-ADSx, 2023 WL 2661182, at *4 (C.D. Cal. Feb. 28, 2023).  Plaintiffs bring a deceptive trade practices claim, which relies on the allegation that Plaintiffs knowingly made false representations to Nevada consumers regarding the safety of their products.  ECF No. 53-1 at 40-42.  Defendants' alleged participation in interconnected business activities would "elaborate[e] the existing theor[y]" that each Defendant knew its products were dangerous by demonstrating a possible shared knowledge between them.  Thus, these allegations have at least some "bearing on the controversy before the court."  The Court finds these new allegations are not futile based on irrelevance or immateriality.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Joint Motion to Sever (ECF No. 41) is DENIED without prejudice.  Whether these cases should be severed for purposes of certain motion practice or for trial may be raised by Defendants in the future.

IT IS FURTHER ORDERED that the parties must meet and confer no later than **November 6, 2023,** to commence discussions on the scope of joint discovery and joint dispositive motion practice.  The parties must continue discussion so that **no later than November 20, 2023,** they file a Discovery Plan and Scheduling Order reflecting agreed upon consolidated discovery, agreed upon individualized discovery, identification of discovery on which they do not agree, and a proposed scheduling order.  Each party may **succinctly** present individual positions as appropriate.  The parties are to identify multiple dates and times on which they are all available for a case conference at which the proposals and positions will be addressed by the Court.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend (ECF No. 53) is GRANTED for purposes of conducting consolidated discovery and motion practice consistent with the terms of this Order.

IT IS FURTHER ORDERED that the caption of this case is amended to correct Plaintiff D.P.'s name to D.P.U.

IT IS FURTHER ORDERED that Plaintiffs have **five (5) court days**, measured from the date of this Order, to file their First Amended Complaint with the corrected caption and to define "Defendants" to include all Defendants named in the First Amended Complaint.

IT IS FURTHER ORDERED that Defendants has **twenty-one (21)** days from the date the First Amended Complaint is filed to file a responsive pleading.

Dated this 24th day of October, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE